UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALLAS JASON LEWIS,

    Plaintiff,

v.

    Case Number 18-11588
    Honorable David M. Lawson

WARDEN PERRY, LIEUTENANT
MOORE, INSPECTOR RUSHFORD,
and BRENT TRAVELBEE,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

On May 21, 2018, the plaintiff, Dallas Jason Lewis, presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, filed his *pro se* complaint alleging violations of his rights under various federal constitutional amendments via 42 U.S.C. § 1983. On that same date, the Court granted the plaintiff's application to proceed *in forma pauperis*. The Court has screened the complaint pursuant to its duty under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and now finds that it must be dismissed because it is frivolous and fails to state any plausible claim upon which relief may be granted.

I.

The plaintiff alleges that on May 16, 2017, while incarcerated at the Newberry Correctional Facility, he agreed to sign a form renouncing his membership in the Insane Spanish Cobras, a prison gang designated as a Security Threat Group (STG). Nevertheless, on the following day defendant Rushford requested an STG classification for the plaintiff, based on several indicators of gang membership including the plaintiff's tattoos, observed associations, contact with known gang members, financial transactions with known gang members, and information given by other

prisoners. The plaintiff alleges that the classification request was supported by photographs taken in 2011, which showed old tattoos that no longer were visible on his body. The plaintiff also claims that Rushford made his determination based in part on the plaintiff's association with a prisoner who was not a member of any gang, and the fact that the plaintiff's father had sent money to that prisoner nine months earlier. The plaintiff further alleges that Rushford relied on information provided by a confidential source of questionable reliability. Finally, the plaintiff asserts that the classification request also was based on misconduct tickets that he received which had no relation with any gang activity. The plaintiff claims that he never had any formal hearing to respond to Rushford's request for the security classification.

On June 13, 2017, Defendant Travelbee at the Lansing Central Office for the Michigan Department of Corrections (MDOC) approved the request for an STG designation. The plaintiff claims that he attempted to file grievances disputing the classification, and they were denied at all three steps of the grievance process. Defendant Perry, the warden of the Newberry Correctional Facility, subsequently approved the STG designation. The plaintiff claims that he was wrongly classified as a gang member and that, as a result of the classification, he now is subject to restrictions on phone privileges, prison visits, use of the commissary, time out of his cell, educational programs, incentive programs, prison work, sending and receiving mail, and leisure activities. He seeks declaratory and injunctive relief and monetary damages.

## II.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("'The Prison Litigation Reform Act [] requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.'") (quoting *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010)).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones*

*v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The complaint fails to state any plausible claim on which relief may be granted, because the Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, the federal constitution does not secure for a prisoner any right to be designated within a particular security classification. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). According to the complaint, the plaintiff's designation as a gang member prompted nothing more than an increase in his institutional security classification. *See Ford v. Harvey*, 106 F. App'x. 397, 399 (6th Cir. 2004) ("[D]esignation as a 'Security Threat Group Member' is nothing more than a security classification used by the prison."). But a change is security classification does not comprise an "atypical and significant hardship in

relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (citing *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)). The alleged failure to offer a formal hearing before imposing the gang member designation thus did not violate the plaintiff's due process rights. *Id.* at 576-77.

III.

The plaintiff has failed plausibly to allege any cognizable injury to his constitutional rights, and the complaint therefore must be dismissed.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 7, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 7, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI